IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TABU N. MCCLURE, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:14-CV-2249 |
| | : | |
| vs. | : | |
| | : | |
| COMMISSIONER JEFFREY T. HASTE, et al., | : | (Judge Rambo) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

On November 25, 2014, Tabu N. McClure, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania ("SCI-Somerset"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 relating to the conditions of confinement which he claimed he was exposed to while incarcerated at the Dauphin County Prison. Doc. 1.  McClure named the following individuals as defendants: (1) Commissioner Jeffrey T. Haste; (2) Warden Dominic DeRose; (3) Deputy Warden Nichols; (3) Deputy Warden D.W. Carroll; (4) Major Stewart; (5) Captain Neidigh; (6) Lieutenant Carnazzo; (7) Lieutenant Hostetter; and (8) Sergeant R.

Adams. Id. McClure also named the Board of Dauphin County Prison and an "Unknown number of John Does" as defendants. On February 19, 2016, the original complaint was dismissed with leave to file an amended complaint.[1] The order provided that if McClure did not file an amended complaint the case would be closed. Also, the court stated that if the "John Does" were not identified they would be dismissed from the case under the authority of Sheetz v. Morning Call, 130 F.R.D. 34 (E.D. Pa. 1990).

On March 30, 2016, McClure filed an amended complaint naming the following five defendants: (1) Commissioner Jeffrey T. Haste; (2) Deputy Warden D.W. Carroll; (3) Dauphin County Prison Board; (4) Lieutenant Hostetter; and (5) Sergeant R. Adams. In the amended complaint McClure essentially repeated the allegations of the original complaint with a few minor changes. He added nothing new with respect to Commissioner Haste, the Dauphin County Prison Board and Sergeant Adams and he did not identify the "John Doe" defendants. The court

---

1. The court incorporates herein by reference the memorandum issued on February 19, 2016.

screened the amended complaint and permitted due process claims to proceed against two defendants and directed that those defendants filed an answer or other responsive pleading.  Pending before the Court is a motion to dismiss the amended complaint. For the reasons set forth below, the court will deny the motion.

**Discussion**

McClure in the amended complaint paragraphs 11 though 36 claimed that he was a pretrial detainee during the time he was confined at the Dauphin County Prison; on February 8, 2013, he received a misconduct and was "placed in the hole about 11:30 p.m., without sheets, a blanket, nor toilet paper" and he "only had a t-shirt and jumpsuit bottoms;" "it was the middle of winter and the cell was very cold;" after two hours in the cold cell he ripped the stuffing from inside his mattress and crawled inside; he was subsequently issued a misconduct for destroying county property and covering his cell window with the stuffing; he denied that he used the stuffing to cover his cell window; on February 9, 2013, at about 2:00 a.m. his mattress was taken from him

before a hearing was held; after a disciplinary hearing apparently on or about February 9, 2013, he was assessed $42.00 for damaging the mattress and 30-days of disciplinary custody was imposed; he claims there was no mention by the hearing officer of a mattress restriction; subsequently his mattress was taken from him between the hours of 8:00 a.m and 9:00 p.m. and this restriction lasted from February to September, 2013; between the hours of 9:00 p.m. and 8:00 a.m. he was given the damaged mattress; and he claims that the decision to impose a mattress restriction was implemented by Lieutenant Hostetter and Deputy Warden Carroll.

Furthermore, McClure alleges in the amended complaint that during his confinement at Dauphin County Prison he was a pretrial detainee.

"[P]retrial detainees have 'federally protected liberty interests that are different in kind from those of sentenced inmates.'" Bistrian v. Levi, 696 F.3d 352, 372 (3d Cir. 2012). The standard which applies is set forth in Bell v. Wolfish, 441 U.S. 520, 535 (1979). The

4

Supreme Court in that case made it clear that a pretrial detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. Id. However, the key was whether the detention or segregation was punishment or a condition "reasonably related to a penal institutions interest in maintaining jail security" which "typically pass[es] constitutional muster." Bistrian, 696 F.3d at 373; see also Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007)(quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)(a given restriction imposed on an inmate "amounts to punishment when there is a showing of express intent to punish on the part of the detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.").

    Consequently, after screening the amended complaint, the court on April 4, 2016, based on the reasoning set forth in the court's memorandum of February 19, 2016, dismissed without further leave to

file a second amended complaint the claims against Commissioner Haste, the Dauphin County Prison Board, Sergeant Adams and the "John Doe" defendants. (Doc. 30.) However, the court permitted McClure's Fourteenth Amendment due process claims[2] against Deputy Warden Carroll and Lieutenant Hostetter to proceed. All of McClure's other claims were dismissed and Defendants Carroll and Hostetter were directed to file an answer to the amended complaint or other responsive pleading within 30 days.

On May 4, 2016, the remaining Defendants Carroll and Hostetter filed a motion to dismiss the amended complaint. (Doc. 31.) A brief in support of the motion was filed on May 18, 2016. (Doc. 32.) Defendants' brief essentially mirrors the brief which they filed in support of the first motion to dismiss and raises no additional arguments. The court discerns no reason to revisit its decision that the amended complaint adequately stated a due process claim against Defendants

---

2. The due process claims related to the misconduct proceedings after which the mattress restriction was imposed.

Carroll and Hostetter and, consequently, their motion to dismiss will be denied.

**ACCORDINGLY**, this 8th day of February, 2017, **IT IS HEREBY ORDERED THAT:**

1. The motion to dismiss the amended complaint (Doc. 31) filed by Defendants Carroll and Hostetter is **DENIED**.

2. Within 30 days of the date of this order Defendants Carroll and Hostetter shall file an answer to the amended complaint.

3. All discovery shall be completed within 120 days of the date of this order.

4. Any further dispositive motions shall be filed within 30 days of the close of discovery.

5. McClure's motion to compel discovery (Doc. 39) is **DENIED** as premature.[3]

---

3. If McClure appropriately submitted discovery requests to Defendants Carroll and Hostetter, those Defendants shall answer those requests or interpose appropriate objections thereto in accordance with the Federal Rules of Civil Procedure and Local Rules of Court. If McClure is not satisfied with the response to his discovery requests, he may then at that point file a motion to compel accompanied by a supporting brief.

6. The motion to stay discovery (Doc. 43) filed by Defendants Carroll and Hostetter is **DENIED**.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge