IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TABU McCLURE, :
    Plaintiff, :
: No. 1:14-cv-2249
    v. :
: (Judge Rambo)
DEPUTY WARDEN CARROLL, :
et al., :
    Defendants :

## MEMORANDUM

**I.    BACKGROUND**

Presently before the Court is Defendants' motion for sanctions (Doc. No. 58) and motion to stay all case management deadlines (Doc. No. 60). Defendants aver that they served upon Plaintiff a set of interrogatories and a request for production of documents on May 5, 2017. (Doc. No. 62 at 2.) Not having received any response, Defendants requested the status of their discovery responses from Plaintiff on July 10, 2017. (Id.) Defendants re-mailed their discovery documents to Plaintiff on September 5, 2017. (Id.) On November 10, 2017, Defendants filed a motion to compel discovery. (Doc. No. 55.) By Order dated November 13, 2017, the Court granted Defendants' motion to compel discovery and ordered Plaintiff to respond to the discovery requests within thirty (30) days. (Doc. No. 57.) The Court further enlarged the discovery and dispositive motions deadlines, ordering that discovery was to be completed within ninety (90) days of the

1

November 13, 2017 Order, and that any dispositive motion was to be filed within thirty (30) days of the close of discovery. (Id.)

On January 19, 2018, Defendants filed a motion for sanctions, alleging that as of January 19, 2018, Defendants have not received Plaintiff's discovery responses, despite this Court's November 13, 2017 Order compelling Plaintiff's responses. (Doc. No. 58.) Defendants seek an order from this Court dismissing this action for failure of Plaintiff to obey this Court's November 13, 2017 Order. (Doc. No. 59.) Defendants have also filed a motion to stay all case management deadlines pending the Court's resolution on their motion for sanctions. (Doc. No. 62.)

On January 30, 2018, Plaintiff filed a brief in opposition to Defendants' motion for sanctions, averring that he never received Defendants' motion to compel discovery dated November 11, 2017. (Doc. No. 61 at 1.) Plaintiff argues that regardless, Defendants' motion for sanctions is now moot because he is in receipt of Defendants' discovery requests and has responded to the same on November 8, 2017. (Id.) Attached to Plaintiff's brief in opposition are Plaintiff's responses to Defendants' interrogatory requests. (Id.)

On February 5, 2018, Defendants filed a brief in support of their motion to stay all case management deadlines, averring that while they have never received

Plaintiff's responses to their interrogatories when Plaintiff alleges he mailed them on November 8, 2017, they are now in receipt of the responses as of January 30, 2018, because the responses are attached to Plaintiff's oppositional brief. (Doc. No. 62.) However, Defendants contend that Plaintiff's responses are largely unresponsive because he has not provided substantive responses to interrogatory numbers 2, 7, 10-13, and he has not responded to the request for document production. (Id.) Accordingly, Defendants seek an order staying the case management deadlines until this Court resolves their motion for sanctions. (Id.)

## II. DISCUSSION

### A. Motion for Sanctions

Federal Rules of Civil Procedure 26 through 37 govern the process of factual discovery for federal civil litigation. These rules set forth the consequences for a party's failure to cooperate in the discovery process. Defendants have filed a motion requesting this Court impose sanctions upon Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(A), in the form of dismissing this action for Plaintiff's failure to obey an order to provide discovery. (Doc. No. 59.)

As previously set forth, although Defendants are now in possession of the outstanding interrogatory requests, they contend that Plaintiff's responses to interrogatory numbers 2, 7, 10-13 do not contain substantive responses. (Doc. No.

62.) Moreover, Defendants argue that Plaintiff has not provided them with responsive documents from their request for document production. (Id.)

Rule 37(b)(2)(A) authorizes the Court to impose sanctions on a party who violates an order of the Court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Whether to impose sanctions for failure to comply with discovery orders is committed to the Court's discretion. See Barbee v. SEPTA, 323 F. App'x 159, 162 (3d Cir. 2009); Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007). In exercising this discretion, the Court "should avail itself of its inherent sanctioning power only when absolutely necessary." Klein v. Stahl GMBH & Co., 185 F.3d 98, 109 (3d Cir. 1999).

In the instant case, there is no dispute that Plaintiff initially failed to respond to Defendants' discovery requests. However, Defendants are now in receipt of responses to their interrogatory requests, albeit, not to their satisfaction. The Court is hesitant to impose the severe sanction requested by Defendant given that they are now in receipt of Plaintiff's responses to the interrogatories. Moreover, it partly appears that the reason for Plaintiff's delayed response to the discovery

4

requests was due to Defendants incorrectly addressing their discovery requests to Plaintiff at SCI-Somerset. (Doc. 61-1 at 4.) The record indicates that Defendants' initial discovery mailing was rejected by SCI-Somerset staff because the envelope did not contain a matching "inmate name and number." (Id.) However, Plaintiff has not provided Defendants with any response to their document request, and Plaintiff does not dispute the same. Accordingly, while the Court is hesitant to impose Defendants' requested sanction at this time given that the Court finds that it is not yet "absolutely necessary," should Plaintiff fail to adhere to this Memorandum's following requirements, the Court will strongly consider appropriate sanctions upon further motion of Defendants.

Before turning to Plaintiff's responses to Defendants' interrogatories, the Court notes that Federal Rule of Civil Procedure 26 establishes a fairly liberal discovery policy. See Sutton v. Cerullo, Civ. No. 10-1899, 2015 WL 728473, at *2 (M.D. Pa. Feb. 19, 2015). The Rule allows discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978).

5

However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. Discovery may be properly limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenience, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). Moreover, objections to discovery requests must be specific and the "[m]ere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Momah v. Albert Einstein Medical Center, 165 F.R.D. 412, 417 (E.D. Pa. 1996). Additionally, decisions relating to the scope of discovery under Rule 26 and the extent to which discovery may be compelled, are matters committed to the sound discretion of the court, and will be disturbed only upon a showing of an abuse of discretion. Marroquin–Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983); Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

The Court now turns to Plaintiff's interrogatory responses to numbers 2, 7, 10-13, to determine their sufficiency. In interrogatory #2, Plaintiff is asked to

"identify each person who was a witness to the incident . . . has knowledge of facts concerning the happening of the incident . . . [and to] state the person's exact location and activity at the time of the incident." In his response, Plaintiff provides "[a]ny and all who were present or personally involved, cannot be more specific without a full and complete discovery from defendants"; "see verified complaint." (Doc. No. 61 at 7.) The Court finds Plaintiff's response to be deficient. This information is not only relevant to the instant matter, but should be within Plaintiff's own knowledge to answer. Moreover, Plaintiff's claim that he cannot be more specific without full and complete discovery from defendants is unavailing given that these are Plaintiff's claims, not Defendants, and if Plaintiff is dissatisfied with discovery responses he received from Defendants, he should have filed a motion to compel. Accordingly, the Court will direct Plaintiff to serve a supplemental response to interrogatory #2 on Defendants within fourteen (14) days of this Memorandum's corresponding Order.

In interrogatory #7, Plaintiff is asked to state: "(a) each and every fact which forms the basis of this allegation; (b) each and every opinion which forms the basis of this allegation; (c) the name and address of each and every person with knowledge or information . . . (d) the identity . . . of each and every document or thing which embodies, refers to or relates . . . to [this] subject; [and] (e) the name and address of the present custodian of each . . . document . . . identified." (Id. at

7

12.) Plaintiff responded: "[a] see verified complaint[; b] same as above[; c] same as above[; d] discovery materials DFS1-DFS42[; and e] Dauphin County Prison 401 Mall Rd., Hbg, PA 17111." (Id.) In responding to this interrogatory, Plaintiff refers Defendants to his complaint and discovery materials DFS1-DFS42. (Doc. No. 61 at 12.) In reviewing the complaint, supporting statement of facts and exhibits, most of the information requested by Defendants is set forth therein. Accordingly, the Court finds this answer to be responsive to the question asked.

In interrogatory #10, Defendants asked Plaintiff to "identify any statement that [Plaintiff] made . . . to any person regarding any of the events or happenings in regard to the matters described in [his] complaint." Plaintiff objected to this interrogatory as "overly broad." (Id. at 15.) In interrogatory #11, Defendants asked Plaintiff to identify "the full name and last known address . . . of every witness known to [him] or [his] attorneys, or representatives who claim to have seen or heard the defendants make any statement pertaining to any of the events or happenings with respect to the matters as described in [his] complaint." (Id. at 16.) Plaintiff objected to this interrogatory as "overly broad and unable to provide without a full and complete discovery from defendants." (Id.) The Court finds these responses to be deficient and lacking in specificity because the "[m]ere recitation of the familiar litany that an interrogatory . . . request is 'overly broad' will not suffice." Momah, 165 F.R.D. at 417. Accordingly, the Court will direct

Plaintiff to serve supplemental responses to interrogatory numbers 10 and 11 on Defendants within fourteen (14) days of this Memorandum's corresponding Order.

In interrogatory #12, Defendants asked Plaintiff to "state the names . . . of all persons whom [he] expect[s] to call as both fact and expert witnesses at the trial, indicating which witness [he] will call as an expert." (Id. at 17.) Plaintiff objected to this interrogatory stating that he is "unable to provide until a full and complete discovery from defendants is provided." (Id.) The Court finds this response insufficient and will direct Plaintiff to serve a supplemental response on Defendants within fourteen (14) days of this Memorandum's corresponding Order.

With regard to interrogatory #13, the record does not contain this interrogatory or Plaintiff's response, and therefore, the Court cannot determine the sufficiency of Plaintiff's response. Additionally, as Plaintiff has conceded that he is currently in receipt of Defendants discovery requests, including the document requests (Doc. No. 61-1 at 2), the Court will direct Plaintiff, within fourteen (14) days, to provide responses to the same. Plaintiff is cautioned that his failure to adhere to these requirements may result in appropriate sanctions, such as dismissal of this action, upon further motion of Defendants.

### B. Defendants' Motion to Stay All Case Management Deadlines

Defendants request that this Court stay all case management deadlines because the current discovery deadline is February 11, 2018 and the dispositive motions deadline is March 13, 2018. Consequently, Defendants claim that there will not be enough time for them to receive the outstanding discovery from Plaintiff before the discovery deadline. (Doc. No. 62 at 5.) Because the Court finds that a number of Plaintiff's responses to Defendants' interrogatories are deficient and that Plaintiff has yet to respond to Defendants' document request, the Court will grant Defendants' motion to stay as follows. The Court will extend the discovery period for sixty (60) days from the date of this Memorandum's corresponding Order, and any dispositive motion shall be filed within thirty (30) days of the close of discovery.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions (Doc. No. 58), will be denied. Plaintiff will be directed to serve his responses to Defendants' document requests and supplemental responses to interrogatory numbers 2, 10, 11, and 12 on Defendants within fourteen (14) days of this Memorandum's corresponding Order. Defendants' motion to stay all case management deadlines (Doc. No. 60), will be granted insofar as the discovery and dispositive motion

deadlines will be modified to reflect that all remaining discovery shall be completed within sixty (60) days of the date of this Memorandum's corresponding Order, and that any dispositive motion shall be filed within thirty (30) days of the close of discovery.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: February 8, 2018