# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Tabu McClure,                            : 1:14-cv-2249
          Plaintiff                      :
v.                                       : (Judge Rambo)
Deputy Warden Carroll, and               :
Lieutenant Hostetter,                    :
          Defendants                     : Jury Trial Demanded


**<u>Reply Brief in Support of</u>**
**<u>Defendants' Motion for Summary Judgment</u>**


Lavery Law

Josh Autry, Esquire
Pennsylvania Bar No. 208459
Elizabeth L. Kramer, Esq.
Pennsylvania Bar No. 324651
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
(717) 233-6633 (phone)
(717) 233-7003 (fax)
jautry@laverylaw.com
ekramer@laverylaw.com
*Attorneys for Defendants*

Date: March 20, 2019

## Table of Contents

Table of Authorities .................................................................................... ii
I.   Argument: ...........................................................................................2
   A.  Defendants are entitled to qualified immunity. .............................2
   B.  Plaintiff was a convicted inmate. .................................................8
   C.  The imposition of the mattress restriction was justified and did not
       violate the constitution. .............................................................10
       1.   The restriction was justified. ...............................................10
       2.   Plaintiff was able to challenge the restriction. ....................13
       3.   The restriction itself was constitutional. .............................13
   D.  Plaintiff does not refute that he failed to establish physical injury. .........15
   E.  Plaintiff does not refute exhaustion. ..........................................16
   F.  Plaintiff should not be allowed to amend. ..................................18
   G.  Plaintiff has no claim under Pa. Adm. Code 37 § 95.299. ......................19
II.  Conclusion: ......................................................................................20
Word Count Certificate ..............................................................................21
Certificate of Service ................................................................................22

# Table of Authorities

## Cases

*Anderson v. Creighton*, 483 U.S. 635 (1987) ............................................................2

*Andrews v. Vance*, No. 4:04-CV-551, 2005 U.S. Dist. LEXIS 40473
  (M.D. Pa. Dec. 6, 2005) ...............................................................................3

*Anela v. Wildwood*, 790 F.2d 1063 (3d Cir. 1986) ...................................................14

*Armbruster v. Cavanaugh*, 410 F. App'x 564 (3d Cir. 2011) ...............................5, 7

*Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011). .............................................................2

*Bell v. Luna*, 856 F. Supp. 2d 388 (D. Conn. 2012) ...............................................14

*Bell v. Woflish* 441 U.S. 520 (1979) ...................................................................8, 10

*Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012) ...........................................................8

*Blissett v. Coughlin*, 66 F.3d 531 (2d Cir. 1995) ....................................................14

*Bridgeforth v. Justice of the Peace Court Two*, No. 11-020-GMS,
  2011 U.S. Dist. LEXIS 88094 (D. Del. Aug. 8, 2011) .........................................8

*Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245 (3d Cir.2014).....................19

*Bull v. City & Cty. of S.F.*, 595 F.3d 964 (9th Cir. 2010)........................................15

*Cabrera v. Ross Stores of Pennsylvania*, 646 F. App'x 209 (3d Cir. 2016)...........16

*Carroll v. Carman*, 135 S.Ct. 348 (2014)..................................................................3

*Carty v. Fenton*, 440 F.Supp. 1161 (M.D.Pa 1977)...................................................6

*Castro v. Chesney*, CIVIL ACTION No. 97-4983,
  1998 U.S. Dist. LEXIS 17278 (E.D. Pa. Nov. 3, 1998) ........................................4

*Collins v. Klotz*, CIVIL ACTION No. 92-3772, 1994 U.S. Dist. LEXIS 8980
  (E.D. Pa. July 1, 1994).........................................................................................4

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,482 F.3d 247
  (3d Cir. 2007)......................................................................................................18

*Gannaway v. Berks Cty. Prison*, 439 F. App'x 86 (3d Cir. 2011) ...........................5

*Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005).............................................................2

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ..............................................................2

*Hewitt v. Helms*, 459 U.S. 460 (1983) ......................................................................7

*Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005)................................................5, 10

*In re Whitney*, 421 F.2d 337 (1st Cir. 1970) ............................................................8

*Iverson v. Leggett*, Civil Action No. 11-1108, 2013 U.S. Dist. LEXIS 107382
  (W.D. Pa. July 3, 2013) ........................................................................................4

*Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289
  (3d Cir. 1988)...................................................................................18

*Jackson v. Lencovich,* No. 3:CV-05-0930, 2005 U.S. Dist. LEXIS 47182
  (M.D. Pa. June 6, 2005) ...................................................................3

*Johnson v. DeRose*, No. 1:CV-09-0267, 2010 U.S. Dist. LEXIS 21337
  (M.D. Pa. Mar. 9, 2010)..................................................................10

*Kelly v. Borough of Carlisle*, 622 F.3d 248 (3d. Cir. 2010) .....................2

*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989) ...........7

*Kyle v. Holinka*, No. 09-cv-90-slc 1, 2009 U.S. Dist. LEXIS 54574
  (W.D. Wis. June 26, 2009) ................................................................7

*Lane v. Culp*, 2007 U.S. Dist. LEXIS 100423 (W.D. Pa. 2007) ...............3

*Lareau v. Manson*, 651 F.2d 96 (2d Cir. 1981) .....................................14

*Lyons v. Powell*, 838 F.2d 28 (1st Cir. 1988) ........................................14

*Maldanado v. Dep't of Corr.*, No. 1:CV-13-2249, 2015
  U.S. Dist. LEXIS 110015 (M.D. Pa. Aug. 20, 2015) ............................4

*Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir.), 464 U.S. 937,
  78 L. Ed. 2d 314, 104 S. Ct. 348 (1983).............................................19

*Maxwell v. Mason*, 668 F.2d 361 (8th Cir. 1981)...................................14

*McClure v. Haste*, No. 1:14-CV-2249, 2016 U.S. Dist. LEXIS 20031
  (M.D. Pa. Feb. 19, 2016) ............................................................9, 19

*Milhouse v. Gee*, No. 1:CV-09-02134, 2011 U.S. Dist. LEXIS 91749,
  (M.D. Pa. Aug. 17, 2011) ..................................................................3

*Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003)......................................15

*Mullenix v. Luna*, 136 S.Ct. 305 (2015)..................................................2

*Olim v. Wakinekona*, 461 U.S. 238 (1983) ..............................................7

*Pearson v. Callahan,* 555 U.S. 223 (2009)...............................................3

*Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .....................18

*Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014)............................................2

*Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980)....................................13

*Reichle v. Howards*, 132 S.Ct. 2088 (2012) .......................................2, 3

*Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L. Ed. 2d 418 (1995)........7, 9

*Sawyers v. Brown*, 2014 WL 407337 (M.D. Pa. Feb. 3, 2014) ...............17

*Scheaffer v. Schamp*, 2008 U.S. Dist. LEXIS 49636, 2008 WI. 2553474
  (W.D. Pa. June 25, 2008)................................................................3, 4

*Smith v. Caster*, CIVIL ACTION No. 93-4462, 1994 U.S. Dist. LEXIS 7967, (E.D. Pa. June 14, 1994) ...............................................................8

*Smith v. German*, 253 A.2d 107 (1969). ...................................................16

*Smith v. Jacobs*, CIVIL ACTION NO. 93-3733, 1994 U.S. Dist. LEXIS 8086, (E.D. Pa. June 14, 1994) ...............................................................8

*Spears v. Curcillo*, No. 1:CV-13-3053, 2016 U.S. Dist. LEXIS 134166 (M.D. Pa. Sep. 29, 2016) ...............................................................4

*Stephens v. Cottey*, 145 F. App'x 179 (7th Cir. 2005) ...............................4

*Thompson v. Los Angeles*, 885 F.2d 1439 (9th Cir. 1989) .......................15

*Thornley v. Edwards*, 671 F.Supp. 339 (M.D.Pa. 1987) ...........................6

*Union Cty. Jail Inmates v. Di Buono*, 713 F.2d 984 (3d Cir. 1983).........14

*United States v. Baroni*, 909 F.3d 550 (3d Cir. 2018) ...........................3, 6

*United States v. Kisala*, 64 M.J. 50 (C.A.A.F. 2006) .................................5

*Wahad v. FBI*, 813 F. Supp. 224 (S.D.N.Y. 1993) .....................................7

*White v. Pauly*, 137 S.Ct. 548 (2017) ....................................................2, 3

*Williams v. Campbell*, No. 07-885, 2008 U.S. Dist. LEXIS 56317 (E.D. Pa. July 17, 2008) ...............................................................3

*Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).........................6, 7

**Statutes**

42 U.S.C. §1997 ........................................................................................15

61 Pa. C.S. § 6138. .....................................................................................9

**Other Authorities**

28 C.F.R. § 540.14(a).................................................................................6

37 Pa. Code § 95.229 ............................................................................6, 19

## I.    Argument:

## A. <u>Defendants are entitled to qualified immunity.</u>

Defendants Carroll and Hostetter are entitled to qualified immunity because it is beyond dispute that the law was not clear in February of 2013 that the imposition of the mattress restriction was unconstitutional.

Largely, Plaintiff ignores the qualified immunity standard.[1] Defendant Carroll is entitled to qualified immunity because it was not clear that imposition of

---

[1] "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011). "The qualified immunity standard gives **ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law**." *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir. 2005)(emphasis added). Officials are immune if their "conduct does not violate **clearly established statutory or constitutional rights of which a reasonable person would have known**." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added). Courts consider "the state of the existing law at the time of the alleged violation and the [specific] circumstances confronting the officer." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d. Cir. 2010).

The law is "clearly established" when "[t]he contours of the right [are] **sufficiently clear** that a **reasonable official would understand that [his conduct] violates that right**." *Anderson v. Creighton*, 483 U.S. 635, 649 (1987)(emphasis added). "[T]he right allegedly violated must be established, not as a broad general proposition, **but in a particularized sense** so that the contours of the right are clear to a reasonable official." *Reichle v. Howards*, 132 S.Ct. 2088, 2094 (2012)(emphasis added). Further, the Supreme Court has made clear that **the analysis must be fact-specific**. *See also Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015)(per curiam)( "must be undertaken in light of the specific context of the case")(emphasis added); *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (2014) ("[D]oing so avoids the crucial question whether the officer acted reasonably in the particular circumstances that he or she faced.").In *White v. Pauly*, 137 S.Ct. 548 (2017) 15 (8-0) (per curiam), the Supreme Court unanimously reversed the denial of qualified immunity. The Court emphasized the need for qualified immunity where precedent does not clearly forbid an official's conduct under the particular facts. Notably,  a "case [that] presents a **unique set of facts and circumstances**… alone should have been an important indication… that [the official's] conduct did not violate a clearly established right." *Id*. at 552.

Accordingly, not only must the constitutional standard be clearly established, but the case law must be clear enough to show the official that he or she, in fact, violated the constitution. To

a daytime mattress restriction on a convicted inmate in RHU housing, who

admitted to ripping his mattress, created a security risk by ripping the mattress[2],

pled guilty to the associated disciplinary charge, continuously engaged in behavior

that violated DCP policy, and generally presented a security risk, violated

established law in February of 2013. Rather the law supported the restriction as

justified.[3] Thus, there was no clear case law that would have reasonably alerted

---

defeat qualified immunity, "existing **precedent must have placed the statutory or constitutional question beyond debate**." *Carroll v. Carman*, 135 S.Ct. 348, 350 (2014) (per curiam) (unanimous)(emphasis added). The Court further grants qualified immunity on questions where judges disagree: "[i]f judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Reichle*, 132 S.Ct. at 2096 (citation omitted). Additionally, the Third Circuit has recently held that binding law in the Third Circuit will not be sufficient if there is a Circuit split and there is not a "robustness consensus" on a right's existence. *United States v. Baroni*, 909 F.3d 550, 588 (3d Cir. 2018)("although four circuits (including our own) have found some form of a constitutional right to intrastate travel, there is hardly a "robust consensus" that the right exists, let alone clarity as to its contours. [...] District Court erred in concluding *Lutz*, standing alone, provided fair warning that Defendants conduct was illegal, especially in view of the state of the law in our sister circuits.") Accordingly, the Supreme Court has repeatedly found that qualified immunity shields officials where binding precedent is unclear on the point or distinguishable. (See Doc. 90 at n.4) Getting qualified immunity correct is crucial because qualified immunity is "an immunity from suit," which is "effectively lost if a case is erroneously permitted to go to trial." *White*, 137 S. Ct. at 551-552 (quoting *Pearson*, 555 U.S. at 231).

[2] Though Plaintiff denies that he covered the cell window with stuffing, that is immaterial in determining if Defendant Carroll is entitled to qualified immunity because it would have been reasonable for Carroll to rely on the observations of the prison official wrote up Plaintiff for doing so.

[3] *Jackson v. Lencovich,* No. 3:CV-05-0930, 2005 U.S. Dist. LEXIS 47182, at *34 (M.D. Pa. June 6, 2005)(twelve hour daily mattress restriction did not violate rights); *Milhouse v. Gee*, No. 1:CV-09-02134, 2011 U.S. Dist. LEXIS 91749, at *38 (M.D. Pa. Aug. 17, 2011)(denial of mattress for two weeks did not violate rights); *Andrews v. Vance*, No. 4:04-CV-551, 2005 U.S. Dist. LEXIS 40473, at *7-10 (M.D. Pa. Dec. 6, 2005)(two day mattress deprivation of inmate with pre-existing back problems did not violate rights); *Lane v. Culp*, 2007 U.S. Dist. LEXIS 100423, *10-12 (W.D. Pa. 2007)(denial of bedding for seven days did not violate constitution); *Williams v. Campbell*, No. 07-885, 2008 U.S. Dist. LEXIS 56317, at *10 (E.D. Pa. July 17, 2008)(five days in observation cell without mattress did not violate rights); *Schaeffer v. Schamp*,

Defendant Carroll that imposing the mattress restriction would violate the constitution.

Also, subsequent case law provides further support. *Spears v. Curcillo*, No. 1:CV-13-3053, 2016 U.S. Dist. LEXIS 134166, at *36 (M.D. Pa. Sep. 29, 2016) (no violation for daytime mattress restriction for an inmate with previous misconducts for destroying mattresses); *Maldanado v. Dep't of Corr.*, No. 1:CV-13-2249, 2015 U.S. Dist. LEXIS 110015, at *15 (M.D. Pa. Aug. 20, 2015)(4-5 day mattress deprivation on suicide watch did not violate rights); *Iverson v. Leggett*, Civil Action No. 11-1108, 2013 U.S. Dist. LEXIS 107382, at *45 (W.D. Pa. July 3, 2013) ("temporary continuation of Plaintiff's disciplinary measures upon transfer, including the withholding of a mattress and bedding, served [a] legitimate interest").

Alternatively, Defendant Carroll is still entitled to qualified immunity if Plaintiff is a pre-trial detainee. When the restriction was imposed, there was no binding law holding that the imposition of a daytime mattress restriction on a pre-trial detainee after admitted to ripping mattress, used the torn mattress that created

---

2008 U.S. Dist. LEXIS 49636, 2008 WI. 2553474, at *6 (W.D. Pa. June 25, 2008) (confinement in hard cell for ten days without a mattress was constitutional); *Castro v. Chesney*, CIVIL ACTION No. 97-4983, 1998 U.S. Dist. LEXIS 17278, at *20 (E.D. Pa. Nov. 3, 1998)(inmate deprived of mattress and blanket for two days did not violate rights); *Collins v. Klotz*, CIVIL ACTION No. 92-3772, 1994 U.S. Dist. LEXIS 8980, at *14 (E.D. Pa. July 1, 1994) (temporary denial of bed did not violate constitution when inmate had ripped mattress); *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005)(deprivation of mattress for three days where inmate had to sleep on steel bedframe did not violate rights).

security risks, pled guilty to disciplinary charge, and continuously engaged in behavior that violated DCP policy, violated clearly established law. Instead, the only relevant law was *Hubbard v. Taylor*, 538 F.3d 229, 238 (3d Cir. 2008), which provides minimal guidance. *Id.* (pretrial detainees sleeping on mattresses on floor for 3-7 months did not violate constitution). Notably, *Hubbard* reasoned that the defendants were entitled to qualified immunity because of the scant amount of case law concerning mattresses and pre-trial detainees. *Id.* Moreover, the Third Circuit's non-binding decision, *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 89 (3d Cir. 2011), galvanizes why Defendant Carroll could not reasonably be aware that the mattress restriction was unconstitutional. *Id.* (daylight mattress restriction on a pretrial detainee housed in disciplinary housing did not violate rights).

Similarly, as Defendant Hostetter's alleged liability turns on the same underlying conduct—the imposition of the mattress restriction, he is also entitled to qualified immunity. Also, he is entitled to further insulation as he was imposing the restriction at Defendant Carroll's direction. *See Armbruster v. Cavanaugh*, 410 F. App'x 564, 568, n. 10 (3d Cir. 2011)(a police officer does not have a constitutional right to disobey an order based on his or her own opinion of law); see also *United States v. Kisala*, 64 M.J. 50, 51-52 (C.A.A.F. 2006). As explained above, Defendant Hostetter would have no reason to question Caroll's order.

In response, Plaintiff cites to *Young v. Keohane*, 809 F. Supp. 1185, 1197 (M.D. Pa. 1992), to assert that Defendants should not be entitled to qualified immunity. However, Plaintiff's reliance on *Young* is misplaced. In *Young*, the Court held that prison officials were not entitled to qualified immunity at a motion for summary judgment stage in relation to inspecting outgoing mail of a pre-trial detainee because case law in the Middle District found such conduct as "constitutionally objectionable" and because federal prison regulations were against such conduct. *Id.* (discussing *Carty v. Fenton*, 440 F.Supp. 1161 (M.D.Pa 1977); *Thornley v. Edwards*, 671 F.Supp. 339 (M.D.Pa. 1987)); 28 C.F.R. § 540.14(a) (1985)).  Based on this, Plaintiff tries to assert that since there is a Pennsylvania **state** regulation on prison bedding,[4] Defendants should not be entitled to qualified immunity.[5] However, *Young* is not binding and does not stand for Plaintiff's proposition. Nor could it, as the standard courts look to when applying qualified immunity **is not state specific**. *See Baroni*, 909 F.3d 550, 586 (3d Cir. 2018)("official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that **every** 'reasonable official would have understood that what he is doing violates that right.'")(internal citation omitted)(emphasis added). Moreover, the legal issues in

---

[4] 37 Pa. Code § 95.229

[5] Record does not even support that Defendants violated said regulation.

*Young* are entirely inapposite to the present matter—reviewing mail vs. daytime mattress restriction. Further, *Young* is entirely misaligned with the current jurisprudence dictating qualified immunity because the consideration of a few district court decisions and a federal regulation does not meet the current standard's muster.

Similarly, Plaintiff's reliance on *Hewitt v. Helms*, 459 U.S. 460, 470-72 (1983) is wrong because it is not good law. *See Sandin v. Conner*, 515 U.S. 472, 483 (1995)("In light of the above discussion, we believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established and applied in *Wolff* and *Meachum*."); *see also Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989); *see also Olim v. Wakinekona*, 461 U.S. 238(1983).

Moreover, Plaintiff is wrong that Hostetter cannot be entitled to qualified immunity based on Plaintiff's allegations that Hostetter was following a superior's directive. Plaintiff ignores *Armbruster v. Cavanaugh*, 410 F. App'x 564, 568, n. 10 (3d Cir. 2011), and relies on *Kyle v. Holinka*, No. 09-cv-90-slc 1, 2009 U.S. Dist. LEXIS 54574 (W.D. Wis. June 26, 2009) and *Wahad v. FBI*, 813 F. Supp. 224 (S.D.N.Y. 1993), which have no legal authority in this Court. Further, absent the

"following orders argument," Defendant Hostetter would not have been on notice

that the imposition of the mattress restriction violated Plaintiff's rights.

## B. **Plaintiff was a convicted inmate.**

Plaintiff was a convicted inmate at all relevant times.[6] Accordingly, his last

remaining claim—a due process claim concerning the imposition of the mattress

restriction, fails as a matter of law because he is not entitled to a 14th Amendment

due process claim concerning the conditions of his confinement . *See Bell v.*

*Woflish* 441 U.S. 520, 535 (1979)( Fourteenth Amendment due process principles

as opposed to the cruel and unusual punishment standard apply to pretrial

detainees); *see also Bistrian v. Levi*, 696 F.3d 352, 372 (3d Cir. 2012)("pretrial

detainees have 'federally protected liberty interests that are different […] from […]

sentenced inmates.'"). Conversely, as with Plaintiff,  "a parolee […]stands

convicted of criminal charges." *Smith v. Jacobs*, CIVIL ACTION NO. 93-3733,

1994 U.S. Dist. LEXIS 8086, at *16 (E.D. Pa. June 14, 1994)(discussing *In re*

*Whitney*, 421 F.2d 337 (1st Cir. 1970)(internal citation omitted). *See also Smith v.*

*Caster*, CIVIL ACTION No. 93-4462, 1994 U.S. Dist. LEXIS 7967, at *6 (E.D.

Pa. June 14, 1994)("Unlike a pretrial detainee, a parolee has been convicted of a

crime."); *Bridgeforth v. Justice of the Peace Court Two*, No. 11-020-GMS, 2011

U.S. Dist. LEXIS 88094, at *1 (D. Del. Aug. 8, 2011)(parolee is not a pretrial

---

[6] See Facts (Doc. at ¶¶1-16 ).

detainee). Accordingly, Plaintiff does not have a viable due process claim, which this Court has already addressed. *McClure v. Haste*, No. 1:14-CV-2249, 2016 U.S. Dist. LEXIS 20031, at *26 (M.D. Pa. Feb. 19, 2016)("if McClure was serving a sentence as the result of a parole violation, McClure has not stated a viable due process claim in light of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L. Ed. 2d 418 (1995).").

Plaintiff ignores legal authority and asserts he was not a convicted inmate by attaching a letter from the Pennsylvania Board of Probation and Parole stating:

> […]The Board paroled you from a state correctional institution ("SCI") on March 18, 2010 with a maximum sentence date of March 13, 2014. This means you had a total of 1456 days remaining on your sentence at the time of your parole. In light of your recommitment as a convicted parole violator, the Board was authorized to recalculate your sentence to reflect that you received no credit for all of the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). This means you still had 1456 days remaining on your sentence.
>
> On December 11, 2011, authorities detained you for new criminal charges that were docketed in the Court of Common Pleas of Dauphin County at CP# 1621-2012. The Board lodged its detainer against you that same day. On February 28, 2012, the Court released you on unsecured bail but you remained confined on the Board detainer. On February 22, 2013, authorities detained you for additional new criminal charges that were docketed in the Court of Common Pleas of Dauphin County at CP# 1136-2013. The court released you on unsecured bail from these charges on March 4 2013, but you still remained incarcerated on the Board detainer. […]

(See Doc. 93-1 at pgs. 1-2). This letter further supports that Plaintiff was a convicted inmate as it clarifies that Plaintiff was incarcerated on a detainer by the

Pennsylvania Board of Probation and Parole on his underlying 2006 conviction during the relevant confinement (February 2013-September 2013). Plaintiff had 1456 days remaining on his 2006 sentence. Thus, Plaintiff was a sentenced inmate and his last remaining claim is barred by law.

### C. The imposition of the mattress restriction was justified and did not violate the constitution.

Alternatively, even if Plaintiff could bring a Fourteenth Amendment due process claim for the imposition of the mattress restriction, the claim substantively fails because the imposition of the restriction was justified, Plaintiff had an opportunity to challenge the restriction, and the restriction itself is constitutional.

### 1.  The restriction was justified.

When determining if the mattress restriction was justified and constitutional under a pre-trial detainee's due process rights, courts should give **deference to prison officials' expert judgment,** especially "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations." *Hubbard v. Taylor*, 399 F.3d 150, 159 (3d Cir. 2005) (citing *Bell*, 441 U.S. at 540 n. 23). Notably, "when the institution's security is involved, [courts] **need not distinguish between pretrial detainees and convicted inmates**." *Johnson v. DeRose*, No. 1:CV-09-0267, 2010 U.S. Dist. LEXIS 21337, at *19 (M.D. Pa. Mar. 9, 2010)(citing *Bell*, 441 U.S. at 546-47 and n.28).

Plaintiff ignores that the daytime mattress restriction was justified as it served a legitimate penological and safety measure. 4/17/13 grievance denial (ex. 25). First, the restriction protected the destruction and/or damage to additional property owned by DCP as Plaintiff had to use the same mattress he ripped and he only had access to that mattress during the night time hours.  Pl. dep. (ex. 1 at pgs. 9-10, 12, 27, 112), 2/9/13 DCP Memo(ex. 11), 2/9/13 DCP discip. rec. (ex. 20), 2/9/13 E.O. rep. (ex. 21); see also Facts at ¶¶26-27, 31-34. Plaintiff fails to refute this clear justification for the restriction. Instead he only says that he was given access to other items that he "could" of destroyed. This hypothetical is irrelevant and unpersuasive. Further, it shows that DCP's restriction was in good faith as it restricted Plaintiff from an item he did damage not just one he "could have."

Additionally, Plaintiff ignores that the mattress restriction served a safety and security concern because during the original incident when Plaintiff ripped into his mattress, a C.O. officer observed Plaintiff using the stuffing from his mattress to cover the window into his cell, which presents a clear safety concern.  2/9/13 E.O. rpt. (ex. 21), 5/20/13 grievance denial (ex. 24). Limiting Plaintiff's access to his mattress to night time hours would reasonably limit his opportunity and ability to cover his cell door window. This was of particular concern because Plaintiff received subsequent disciplinary charges for covering his cell door window with other objects, which Plaintiff admits. Pl. dep. (ex. 1 at pg. 38-39, 129 ), 3/10/13

11

discip. rd. #1 (ex. 27), 6/14/13 discip. rd. #1 (ex. 28), 6/14/13 discip. rd. #2 (ex.

29). Further, Plaintiff undervalues his repeated misconducts which increasingly

made him a security threat. 6/19/13 DCP memo (ex. 26). Plaintiff was found guilty

of multiple disciplinary charges that demonstrated violence against DCP staff. See

Facts ¶¶ 14-15, 38, 47-56. He also had a history of violent behavior towards prison

staff.  Id. at ¶¶ 67-68.  Beyond Plaintiff's history of violent acts against prison

staff, the restriction sought to maintain control and order because Plaintiff

repeatedly received disciplinary charges after the mattress restriction's imposition

even after staff told him that if he "stayed out of trouble" he may get off mattress

restriction. Pl. dep. (ex. 1 at pg. 80-83, 118-119, 129). Instead, Plaintiff continued

to engage in conduct that violated DCP's policies. See Facts at ¶59. Plaintiff also

had a history of numerous disciplinary misconducts at DCP and with the

Department of Corrections. Id. at ¶¶ 61-68. Plaintiff argues that his disciplinary

record with DCP during the relevant incarceration should be irrelevant; however, it

would be unreasonable and dangerous for a court to ask a correctional facility to

blindly ignore this information. Further, correctional facilities are clearly allowed

to consider this information when such information is essential for determining

proper classification of inmate and when tailoring disciplinary sanctions.

2.  <u>Plaintiff was able to challenge the restriction.</u>

Plaintiff fully ignores that the crux of his last remaining claim is constitutionality of *the imposition of the mattress restriction* **not** the restriction itself. This is important because Plaintiff had a means to challenge the imposition of the mattress restriction—the DCP's grievance procedure. See Facts at ¶¶ 71-76. And this is essentially what Plaintiff attempted to do. It is irrelevant whether he properly challenged the restriction through the grievance procedure and whether he was satisfied with the result.

3.  <u>The restriction itself was constitutional</u>.

Further, the daytime mattress restriction was constitutional considering that Plaintiff only did not have access to his mattress during day time hours. Plaintiff ignores this and tries to take issue with the state of the mattress he was given each day by alleging that it was insufficient as some of the stuffing had been removed. However, Plaintiff ignores the fact that the mattress's condition was caused by Plaintiff's own conduct **because Plaintiff removed the stuffing himself**. Pl. dep. (ex. 1 at pg. 9).

Also, Plaintiff cites a plethora of case law to assert that the restriction violated his rights, however none of these cases support that the restriction was unconstitutional. Much of the cases are entirely inapposite. *Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980)(inmate class action relating to deprivation issues with

heavily soiled and stained bedding); *Lareau v. Manson*, 651 F.2d 96, 103 (2d Cir. 1981)( concerning pretrial detainee's class action against prison for overcrowded conditions which led to double bunking, which was constitutionally permissible up to 15 days); *Union Cty. Jail Inmates v. Di Buono*, 713 F.2d 984, 1003 (3d Cir. 1983)(vacating district court's order, done in an improper exercise of its discretion, for the removal of state prisoners from the county facility); *Lyons v. Powell*, 838 F.2d 28, 32 (1st Cir. 1988)(district court decision vacated and remanded to analyze alleged claims of pre-trial detainee under the 14th Amendment). Also, Plaintiff cites to case law that is not notably distinguishable from the present matter. *Bell v. Luna*, 856 F. Supp. 2d 388 (D. Conn. 2012)(allowing inmate's 8th Amendment claim about his slit, dirty, mildew mattress to overcome a motion to dismiss); *Blissett v. Coughlin*, 66 F.3d 531, 534 (2d Cir. 1995)(upholding jury verdict in detainee's favor for violation when only had access to a mattress covered with feces for eight days); *Anela v. Wildwood*, 790 F.2d 1063, 1069 (3d Cir. 1986)("non-disruptive, non-violent, non-alcoholic young women, without any behavioral problems except for the allegation of participating in loud radio playing in their home, were confined in jail cells through the night until almost noon of the next day without drinking water, food, or sleeping facilities" amounted to a due process claim that could overcome summary judgment); *Maxwell v. Mason*, 668 F.2d 361, 363 (8th Cir. 1981)(upheld judgment from bench trial in district court

14

that found a violation for depriving inmate of bedding for 14 days without justification).

Also, some of the case law with no binding affect in the Third Circuit is no longer even good law. *Thompson v. Los Angeles*, 885 F.2d 1439 (9th Cir. 1989)(overruled by *Bull v. City & Cty. of S.F.*, 595 F.3d 964, 981 (9th Cir. 2010)).

### D. **Plaintiff does not refute that he failed to establish physical injury.**

Plaintiff does not refute that he failed to establish physical injury, nor does he address Defendants' legal argument in a consequential way. *See* 42 U.S.C. §1997e(e); *see also Mitchell v. Horn*, 318 F.3d 523, 533-36 (3d Cir. 2003)(Under PLRA, plaintiff-inmate needs to show "less-than-significant-but-more-than-de minimis physical injury" standard to have actionable claim concerning conditions of confinement). Though, Plaintiff tries to use *Mitchell v. Horn* in support of his argument, this reliance is misplaced because in *Mitchell* a plaintiff's allegations that he suffered "starvation, dehydration, unconsciousness, pain, and hypoglycemia" was not sufficient to **allege** physical injury. *Mitchell*, 318 F.3d at 534. Plaintiff's allegations are similarly deficient. Further, the issue at hand is a motion for summary judgment not a motion to dismiss. The deadline for discovery passed months ago (See Doc. 76), and Plaintiff has not presented any evidence of physical injury.

Further, Plaintiff attempts to demonstrate physical injury in his "Statement of Disputed Facts" by pointing to "ex. #19. Pg 1-25." (See Doc. 95 at ¶ 92). However, no such exhibit was attached to Plaintiff's filings. (See Doc. 94-1 & Doc. 93-1). Also, even if said "medical records" exhibit was attached, this would not be enough to overcome summary judgment. Rather, Plaintiff **needs expert testimony** to demonstrate causation of his alleged physical injuries. *Cabrera v. Ross Stores of Pennsylvania*, 646 F. App'x 209, 211 (3d Cir. 2016); *Smith v. German*, 253 A.2d 107, 108 (1969).

### E. <u>Plaintiff does not refute exhaustion.</u>

Plaintiff has not exhausted his administrative remedies. Therefore, Plaintiff's claims are premature and should be dismissed.

Primarily, Plaintiff fails to address Defendants' legal argument regarding Plaintiff failure to exhaust his administrative remedies. Instead, Plaintiff cites to his Ex. 17 (See Doc. 94-1 at pgs. 90-100), which is essentially the same documents provided as part of Defendants' motion for summary judgment. These documents do not demonstrate exhaustion for the many reasons outlined in Defendant's original brief. First, Plaintiff's initial grievance does not pertain to the mattress imposition itself. (See Doc. 89-53). Accordingly, Plaintiff never appealed a grievance pertaining to the imposition of the mattress restriction to exhaustion.

Further, Plaintiff's grievances and appeals did not demonstrate **proper** exhaustion because they lacked **specificity** per DCP policy.  Notably, Plaintiff's initial grievance did not name Defendant Hostetter and/or Defendant Carroll as being responsible for the restriction, and he did not to do so until much later in the process. (See ex. 52 & ex. 54 at pg. 19). Plaintiff's assertion that he put Defendant Carroll's name in his initial grievance is not enough because it is clear that he is addressing the grievance to him . Also, this would not remedy the issue with failing to identify Defendant Hostetter. Further, Plaintiff's assertion that Defendant Carroll is identified in his first appeal fails because again he does not attribute the restriction to him. Instead, the appeal is addressed to Defendant Carroll. This shows further support that Plaintiff failed properly exhaust his remedies because this appeal should have been addressed to the Chairman of the Dauphin County Prison Board of Inspectors per DCP policy, not the Warden and/or Deputy Warden. *See Sawyers v. Brown*, 2014 WL 407337, at *2 (M.D. Pa. Feb. 3, 2014); *see also* DCP grievance policy (ex. 51).

Further, Plaintiff cites to Defendants' Answer to assert that he exhausted his administrative remedies. However, Plaintiff's reliance on Defendant's Answer is misplaced because nothing in Defendant's Answer concedes that Plaintiff **properly** exhausted his administrative remedies prior to filing suit. (See Doc. 47 at pgs. 11-14). Rather, Defendants acknowledge that Plaintiff filed various grievances

17

and appeals; however, this acknowledgement does not demonstrate **proper exhaustion**. Accordingly, Plaintiff's suit is premature.

**F.** **Plaintiff should not be allowed to amend.**

Plaintiff asserts several times in his response to Defendants' motion for summary judgment that if the Court agrees with Defendants' argument that he should be given leave to amend. Allowing Plaintiff to amend his Amended Complaint at this point, where discovery has closed and Plaintiff has already been given an opportunity to amend his original complaint, which allowed him to overcome a motion to dismiss, would be unjust and futile.

Though, "precedent supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc*.,482 F.3d 247, 251 (3d Cir. 2007)(emphasis added); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). An "amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc*., 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. General Motors Corp*., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937,

78 L. Ed. 2d 314, 104 S. Ct. 348 (1983)); *see also Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir.2014)(same).

Here, amendment would be unjust because of how far the matter has progressed. Also, Plaintiff is not asserting that more discovery is needed. He is just saying he wants to change his pleadings. Additionally, amendment would be futile because Plaintiff's request for amendment[7] would still not overcome a motion for summary judgment. As discussed above and in Defendants' previous brief, the mattress restriction was not a violation under a Due Process analysis or an Eighth Amendment analysis. Further, Defendants would be entitled to qualified immunity on either type of claim. Accordingly, this Court should deny and amendment requests.

### G. Plaintiff has no claim under Pa. Adm. Code 37 § 95.299.

Plaintiff repeatedly references having a claim under Pa. Adm. Code 37 § 95.299; however, he clearly does not, nor could he. *McClure*, No. 1:14-CV-2249, 2017 U.S. Dist. LEXIS 17416, at *5, n. 2 (only remaining claim—14th Amendment due process claim for imposition of mattress restriction).

---

[7] Plaintiff asks to amend in relation to his due process claim, presumably to assert his claim regarding the imposition of the mattress restriction under an Eighth Amendment claim.

II.    **Conclusion:**

For these reasons, this Court should grant summary judgment in Defendants'

favor.

Respectfully submitted,

Lavery Law

*s/ Elizabeth L. Kramer*
Elizabeth L. Kramer, Esq.
Pennsylvania Bar No.  324651
Josh Autry, Esq.
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
(717) 233-6633 (phone)
(717) 233-7003 (fax)
ekramer@laverylaw.com
jautry@laverylaw.com
*Attorneys for Defendants*

Date: March 19, 2019

## **Word Count Certificate**

The undersigned counsel hereby certifies that this brief complies with the word count limitations set forth in Local Rule 7.8. The brief contains 4,763 words. I used the word count feature of Microsoft Word to obtain this number.

Respectfully submitted,

Lavery Law

*s/ Elizabeth L. Kramer*

Dated: March 20, 2019

**Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing to:

**Via U.S. First Class Mail, Postage Prepaid**

Smart Communications/PADOC
Tabu Nazshon Phillips/MP-7842
SCI-Somerset
PO Box 33028
St. Petersburg, FL  33733


Dated:  March 20, 2019             *s/Aimee L. Paukovits*
                                   Legal Assistant
                                   Lavery Law